BLAUVELT (JAMES v.). See Case No. 7,-180.

## Case No. 1,533.

### In re BLEDSOE.

[12 N. B. R. 402;[1] 1 N. Y. Wkly. Dig. 101.]

District Court, W. D. Texas. 1875.[2]

BANKRUPTCY—GROWING CROPS—RENT.

A sale of land free from incumbrances, does not pass to the purchaser the bankrupt's right to any portion of the growing crops thereon, stipulated to be paid him by way of rent.

DUVAL, District Judge. In this case a controversy has arisen between Isaac Bernstein & Co. and L. & H. Blum, of the city of Galveston, creditors of said bankrupt, and the assignee of the estate, Wall. Brown. The most material facts to be considered are the following, viz.: Bledsoe became a voluntary bankrupt on the 7th of April, 1874. To secure the above-named creditors in a debt he owed them, he had executed a deed of trust in their favor on two hundred and sixty-five acres of land. The date of this deed does not appear, but it was made some time prior to the filing of the petition in bankruptcy. After the adjudication was had, and an assignee appointed, this court was asked for an order requiring the trustee to sell said land, to satisfy the lien created by the trust deed. The order was made, and the land sold on the 11th day of August, 1874. The creditors above named became the purchasers, and received a deed in fee from the trustee. It seems that some time prior to his bankruptcy, Bledsoe had rented certain portions of the land, for which the rentors had agreed to pay him a certain proportion of the crops raised thereon. It is now contended by the purchasers, under the sale aforesaid, that they were entitled, by virtue of such purchase, to so much of the crops then growing upon the land, as the rentors had promised to pay Bledsoe, or the value thereof, less the costs incurred by the assignee in collecting and disposing of the same, etc. And this they now seek to recover by this proceeding.

The sole question involved is this: After a party has been adjudicated a bankrupt, the assignee appointed, the proper deed of assignment made, etc., does a sale of the bankrupt's land, made under order of the bankrupt court, to secure a lien thereon, pass to the purchasers the bankrupt's right and title to any portion of the growing crops thereon, stipulated to be paid him by way of rent; or does it go to the assignee as part of the assets of the estate, for the benefit of the general creditors?

My opinion is that the contracts for rents in kind are properly choses in action, and did not pass by a sale of the land to the

[1] [Reprinted from 12 N. B. R. 402, by permission.]

[2] [Affirmed by the circuit court, January, 1875; unreported.]

purchasers. I think this is so, under the provisions of the bankrupt act, though the rule may be different in ordinary cases of sale of land, between vendor and vendee, where there is no reservation expressed as to growing crops. The contracts of rent made by Bledsoe enured and passed to his assignee in bankruptcy. It is therefore ordered and adjudged that the suit of petitioners be dismissed at their costs.

NOTE [from original report]. The above decision was reviewed, on appeal, by Hon. W. B. Woods, United States circuit court judge, at Austin, January term, 1875, and by him affirmed.